### ELIZABETH R. WILLARD *et al. by* GEORGE OLCOTT, *their Guardian, vs.* ROBERT HENRY.

Where the condition of a deed has been broken, the estate is not forfeited, unless the grantor re-enter ; or, if already in possession, claim to retain it for condition broken.

This claim may consist of acts,or of words, or of both ; but must amount to distinct notice of an intent not to waive the forfeiture.

What acts rebut such an intent.

This was a writ of entry.

The demandants counted as heirs at law on the seisin of their father within the last twenty years ; and, at the trial

here in May, A. D. 1819, under the general issue, the following facts appeared in evidence.

On the 19th of February, 1803, *Wm. Henry*, the owner of these premises, conveyed them to his son *John Henry*, on condition, that unless *John* maintained both his parents and a brother by the name of *Harper*, in a specified manner, and cultivated the farm with care and fidelity, the conveyance should become void as to the whole land during the lives of the parents, and, after their death, as to an undivided half should continue void forever.

In April, A. D. 1808, *John* conveyed his interest in the premises to *Roswell Willard*, father of the demandants. In A. D. 1807, *Wm. Henry* died, and in the following year his wife took an assignment of dower in the premises, instead of the provision in the deed, and died before the commencement of this suit in A. D. 1818.

It appeared, that since the death of *William*, his son *Harper* had been well maintained, but till the assignment of dower, neither the wife of *William*, nor *William* himself, were maintained in strict conformity to the condition, nor the farm cultivated in a husband-like manner ; but still *John* had remained in possession with them, and they had always continued to receive from him such articles for maintenance as were furnished by him.

No evidence was offered of any express entry or claim for condition broken, though the parents often complained, that it was not fulfilled ; and, by consent, a verdict was taken for the demandants, subject to a case made upon the above facts.

*Olcott*, counsel for the demandants.

*Sumner*, for the tenant.

Woodbury, J. The parents of *John Henry* being dead, the demandants are at all events entitled to recover a moiety of the premises ; for the condition in relation to half of them, whatever may have been its validity, and however it may have been broken, was not to operate after their decease.

In respect to the other moiety, the condition was clearly broken, but no attempt was made to prove a re-entry or express claim to the premises for that cause.

16

Willard
*vs.*
Henry.

(1) Co. Litt.
218.

The demandants, therefore, can recover that moiety, also, if such re-entry or claim was necessary to re-vest the estate in the grantor.

Lord *Coke* observes,(1) "regularly when any man will "take advantage of a condition, if he may [can] enter, he "must enter ; and when he cannot enter he must make a "claim ; and the reason is, for that a freehold of inheritance "shall not cease without entry or claim, and also the feoffer "or granter may waive the condition at his pleasure." *Vide also* 2 *Cok.* 53, *b.*—*Shep.* 153.—2 *Bl. Com.* 155.—*Plow.* 133, *Browning vs. Beston.*

When a grantor, as in the present case, continues in possession after the sale, it is obvious, that a re-entry is impracticable ; and for that reason a claim to retain the possession for condition broken is equivalent.

If a grantor, thus in possession, forbear to make such claim, it is considered sufficient evidence, that the forfeiture is waived.

This claim may consist of acts and words, or of either ; but they must be of such a character as with distinctness to admonish the grantee, that thenceforward the possession will be retained for condition broken, and that the breach is not waived.

(2) 2 Mass.
Rep. 496, Ers-
kine vs. Town-
send.

Such is the notice required to a mortgagor, where a mortgagee is in possession to take the profits and concludes to retain it to foreclose the mortgage for condition broken.(2) So a subsequent conveyance of the premises by the former grantor might be an act, sufficient to indicate a claim to the premises as forfeited, in analogy to the doctrine, that such conveyance by an infant is equivalent to an entry to avoid a prior deed.(3)

(3) 14 John.
124.—11 ditto
539.—1 N. H.
Rep. 75, Rob-
erts vs. Wig-
gin.

But in this case, there were neither acts nor words, which indicated an intent to retain possession for condition broken. The complaints, that the condition had not been fulfilled, were mere statements of a breach and not of an intent to claim a forfeiture on account of the breach ; and all the other circumstances tend strongly to rebut such intent.

The grantee was a son, whose neglect would not be treated with severity; he was, also, for services rendered and money expended, to receive at all events a moiety of the land; both the parents, after condition broken, continued to reside with him, and accept such articles as were furnished under the condition; and the mother, after the death of her son, and till an assignment of dower, accepted the same articles of his grantee.

From these facts the deduction is inevitable, that the breach of the condition was waived, and judgment must, therefore, be entered

*On the verdict.*